UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST CALVINO JR.,

                Plaintiff,

-against-

JAVI SALAD; JAVI SALAD DOBLES,

                Defendants.

20-CV-0568 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. By order dated January 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts his claims using the Court's general complaint form. He checks the box indicating that he invokes the Court's federal question jurisdiction. In the section of the form that asks which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "scam, Lack of transfer Asset, money, Gardnashment." (ECF No. 2, at 2.)

Plaintiff indicates that the events giving rise to his claims occurred in New York and Massachusetts, and alleges the following, verbatim: "unknow sources claims he have busnesses, propertys, money asset that belong to my[.] He is probably work for D.E.A." (*Id.* at 5.) Plaintiff describes his injuries as "Gardnashment, lost of time, stress." (*Id.* at 6.) In the section of the form asking him to state the relief that he is seeking, Plaintiff writes, "Retur asset, property, busnesse, money in a respectfull way with Autetic document money relief Amount in evaluation." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). In an order dated January 10, 2020, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020). Plaintiff remains warned.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 28, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge